OGDEN, ELMER, and HAINES, Justices, concurred.

---

DEN EX DEM. JOHN PROBASCO ET AL. *vs.* JOHN. H. CREVELING.

1. A testator· devises as follows: "I give unto my daughter, E. P., the quantity of one hundred and fifty acres of land on the east end of my farm, &c., to her, her heirs and assigns for ever. It is my will, when my daughter departs this life, that my executors sell and dispose of her lands, and divide the same among her children, share and share alike." He then devises the residue of his estate to his two sons. Admitting that the devisee, E. P., took only an estate for life, and that her children are entitled to a beneficial interest in the remainder, the legal title to the remainder is not vested in them, nor have they such an estate therein as to enable them to maintain an ejectment.

2. Where a testator has not given away all his interest in land, so that if he were to die immediately, something would remain undisposed of, it is to be presumed that he intended to give the remainder in such land to the residuary devisee.

---

This was an action of ejectment, brought in this court by John Probasco and others, against John H. Creveling, to try the title to a tract of land in the county of Warren. The titles relied upon by the respective parties are sufficiently shown in the opinion of the court. The question upon which the case turned was the construction of the

will of George Warne, the grandfather of the lessors of the plaintiff.

· An extract from the will, inserted in the opinion delivered, shows the grounds upon which the plaintiff claimed.

The case was tried at the Warren Circuit, April term, 1855. By agreement of counsel, a verdict was rendered for the plaintiff, and it was agreed that the question arising upon the construction of the will of George Warne, deceased, should be reserved for the decision of the Supreme Court. If, by the true construction of the will of the testator, his daughter, Elizabeth Probasco, took an estate in fee simple, then the verdict to be set aside, otherwise to stand.

Argued, February term, 1856, before the CHIEF JUSTICE, and OGDEN, ELMER, and HAINES, Justices, by *W. Halsted*, for plaintiff, and *W. L. Dayton*, for defendant.

*Halsted* cited 12 *Geo.* 47, *Cook* v. *Travers* ; 6 *Vesey* 129, *Whitmore* v. *Trelawney* ; 10 *Vesey* 595, *Blunt* v. *Clitherow* ; *Baldwin* 454, *Gardener* v. *Wagoner* ; *Spence's Eq. Ju.* 536 ; 4 *Halst. Chan.* 749, *Van Houten* v. *Pennington* ; 3 *Ves. Jr.* 320, *Holmes* v. *Cradock* ; 2 *Halst.* 379, *Den* v. *Wortendyke* ; *Sugden on Powers* 128 ; 1 *Williams on Ex'rs* 451.

*Dayton* cited *Sugden on Powers* 106, 107 ; 2 *Johns. Chan.* 20 ; 1 *Harr.* 25 ; *Spencer* 248 ; *Saxton's R.* 141 ; 3 *Zab.* 478, *Den* v. *Young* ; 5 *Pick.* 528, *Hayden* v. *Inhabitants of Stoughton* ; 10 *Pick.* 462, *Clapp* v. *Inhabitants of Stoughton* ; *Preston on Est.* 365, 366, 271-3 ; 2 *Black. R.* 698 ; 4 *Kent's Com.* 131 ; 1 *Bac. Abr.* "*Conditions.*"

The CHIEF JUSTICE delivered the opinion of the court.

George Warne, of the county of Warren, by his last will and testament, bearing date on the 14th of September, 1789, devised the premises in question to his daugh-

ter Elizabeth, the wife of Rynear Probasco. The testator ti̇ed in 1789. Rynear Probasco and Elizabeth his wife, by a̤ed, dated the 29th of June, 1795, conveyed the premises in fee to Samuel Davis, from whom the title has been transmitted, by sundry mesne conveyances, to John H. Creveling, the defendant. Elizabeth Probasco died in 1834, leaving five children, two of whom are the lessors of the plaintiff. They claim title to two-fifths of the premises in question, under the will of their grandfather, George Warne. The devise in the will, under which the lessors of the plaintiff claim, is as follows: "I give unto my daughter, Elizabeth Probasco, the quantity of one hundred and fifty acres of land, on the east end of my farm, to the north side of the great road, half way up the east mountain, lying on the north side of Pohatcong, to her, her heirs and assigns for ever. It is my will, when my daughter departs this life, that my executors sell and dispose of her lands, and equally divide the same among her children, share and share alike. And should my daughter Elizabeth move from said plantation, it is my will, that my executors do rent said farm, and the profits arising therefrom to go to the support of my daughter's children; not to sell or dispose of any kind of wood or timber whatever on said premises." By a subsequent clause, the testator gave and bequeathed unto his sons, Elijah and Elisha, their heirs and assigns for ever, all the residue and remainder of his estate, real and personal, and appointed his said sons executors of his will.

The question principally discussed upon the argument was the true construction of the devise to Elizabeth Probasco. The language of the devise is appropriate to the conveyance of an estate in fee. The gift is to the devisee, her heirs and assigns for ever. If this be the true construction of the devise, it is clear that the lessors have no title. All the interest of Elizabeth Probasco under the will has passed to the defendant. In 1795, she executed,

in connection with her husband, a deed in fee simple for the premises in question to Samuel Davis, from whom the defendant derives his title.

It is insisted, by the plaintiff's counsel, that the terms of the devise to Elizabeth Probasco are restricted and qualified by the subsequent provisions of the will, so that she takes not an estate in fee, but an estate for life only; and that her children are entitled to a beneficial interest in the remainder. Admitting this to be the true construction of the will, the question still remains, have the lessors of the plaintiff a legal title to the premises, such title as will sustain a recovery in ejectment. There is no devise of any estate or interest in the land to the children of Elizabeth Probasco. Upon her death, the testator wills that his executors shall sell and dispose of her lands, and divide the same equally among her children. The executors take a naked power, not coupled with an interest. 2 *Powell on Dev.* 233; 1 *Sugden on Powers,* 128; 1 *Williams on Ex'rs* 451.

That power has never been executed. There has been no attempt, by the executors, either to sell or divide the land among the children. This title, therefore, is not in the children of Elizabeth Probasco. It cannot be in abeyance.

If the devisee took but a life estate, the remainder in fee must have passed by the residuary devise to Elijah and Elisha, the sons of the testator. Where the testator has not given away all his interest in the land, so that if he were to die immediately something would remain undisposed of, it is to be presumed that he intended to give the remainder in such lands to the residuary devisee. *Doe v. Scott,* 3 *Maule & Sel.* 300; *Doe v. Underdown, Willes* 293; *Hayden v. Stoughton,* 5 *Pick.* 528.

Admitting, then, (as is claimed on the part of the plaintiff) that Elizabeth Probasco took only an estate for life in the premises in question under the will, the remainder

in fee is not vested in her children. Whatever beneficial interest they may have in the land, they have not the legal title, and consequently cannot maintain an action for eject-ment.

Let judgment be entered for the defendant.

CITED *in Romaine* v. *Hendrickson's Ex'rs.*, 9 *C. E. Gr.* 237.